UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GERALD RUIZ, individually and on behalf
of others similarly situated,

                                          Plaintiff,

- against -

KASHI JAPANESE RESTAURANT, KASHI JAPANESE,
S & L TRADEMARK CORP. d/b/a KASHI JAPANESE
and XIANG LIN, individually,

                                         Defendants.
-----------------------------------------------------------------------X

Civil Case No.:

**COMPLAINT**

**CLASS ACTION**

**FLSA COLLECTIVE ACTION**

Plaintiff Gerald Ruiz ("Plaintiff" or "Ruiz"), individually and on behalf of others similarly situated, by and through his attorney, The Law Offices of Jacob Aronauer, complaining of Kashi Japanese Restaurant, Kashi Japanese ("Kashi Japanese") and S & Trademark Corp. ("S & L Trademark") d/b/a Kashi Japanese (the "Corporate Defendants") and Xiang Lin ("Lin"), individually (collectively "Defendants"), alleges the following:

## **NATURE OF THE ACTION**

1. This is a civil action brought by Plaintiff and all other similarly situated non-exempt service staff who worked as either bussers or barbacks ("Service Staff") to recover unpaid wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff and his similarly situated coworkers work or have worked in the restaurants owned and/or operated by Kashi (the "Kashi Restaurants").

2. The Kashi Restaurants are under common ownership and control. The Corporate Defendants are owned and controlled by Defendant Lin.

3. Kashi Japanese and S & L Trademark owns and/or operates at least four restaurants in Long Island. These restaurants are in Rockville Centre, Bellmore, Huntington and Syosset, respectively.

4. Plaintiff further complains on behalf of himself and a class of similarly situated former and current employees who worked for Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to unpaid wages and wage notice and statement damages pursuant to the NYLL, Article 6, §§ 190 et seq.; NYLL, Article 19, §§ 650 et seq.; and its supporting regulations, 12 N.Y.C.R.R. 142-2-2.

5. Plaintiff brings this action on behalf of himself, and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of overtime provisions of the FLSA by Defendants.

6. Plaintiff also bring this action because Defendants failed to pay Plaintiff weekly as he was manual laborer in violation of New York Labor law § 191 frequently of wage payment provision and seek liquidated damages for this violation pursuant to NYLL § 198.

7. Plaintiff also bring this action because Defendants failed to pay Plaintiff his earned wages in violation of NYLL § 663.

8. Plaintiff also bring this action under the Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements in violation of NYLL §§ 195 (1) and (3).

9. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

11. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

12. Venue is proper in this District under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### Plaintiff Gerald Ruiz

13. From on or about April 2021 until on or about December 2021, Ruiz worked for Defendants at their Rockville Centre location.

14. Ruiz was employed as a busboy and barback.

15. Ruiz was a covered employee within the meaning of the FLSA and the NYLL.

### Corporate Defendants

16. On information and belief, Kashi Japanese is a New York entity operating in the restaurant industry, having its principal place of business located at 222 Sunrise Hwy, Rockville Centre, NY 11570.

17. At all times relevant to this action, Kashi Japanese has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

18. On information and belief, Lin is the owner of Kashi Japanese.

19. Lin is a registered agent for Kashi Japanese.

20. On information and belief, Lin owns and maintains control, oversight, and direction over Kashi Japanese.

21. On information and belief, Kashi Japanese has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

22. On information and belief, Kashi Japanese Restaurant is a New York entity operating in the restaurant industry, having its principal place of business located at 12 Elm St, Huntington, NY 11743.

23. At all times relevant to this action, Kashi Japanese Restaurant has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

24. On information and belief, Lin is the owner of Kashi Japanese Restaurant.

25. Lin is a registered agent for Kashi Japanese Restaurant.

26. On information and belief, Lin owns and maintains control, oversight, and direction over Kashi Japanese Restaurant.

27. On information and belief, Kashi Japanese Restaurant has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

28. On information and belief, S & L Trademark is a New York entity operating in the restaurant industry, having its principal place of business located at 2736 Merrick Rd, Bellmore, NY 11710.

29. On information and belief, Lin is the owner of S & L Trademark.

30. Lin is a registered agent for S & L Trademark.

31. On information and belief, Lin owns and maintains control, oversight, and direction over S & L Trademark.

32. On information and belief, S & L Trademark has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

33. At all times relevant to this action, S & L Trademark has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

**Defendant Xiang Lin**

34. On information and belief, Defendant Lin is a person engaged in business in Nassau County and Suffolk County, who is sued individually in her capacity as an owner, officer and/or agent of the Kashi Restaurants.

35. On information and belief, Lin maintains control, oversight and direction over the Kashi Restaurants.

36. On information and belief, Lin exercises sufficient control over the Kashi Restaurants to be considered Ruiz's employer under the FLSA and NYLL, and at all times material hereto Lin had the authority to hire and fire Ruiz established and maintained policies regarding the pay practices at the Kashi Restaurants.

37. Lin had substantial control over Plaintiff's working conditions and the practices alleged herein.

## CLASS ALLEGATIONS

38. Plaintiffs sue on his behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure.

39. Plaintiff brings NYLL claims on behalf of all non-exempt employees who worked for Defendants as Service Staff and were not paid their proper wages in compliance with the NYLL during the six years prior to the filing of this case or between filing and the entry of judgment in this case (the "Class").

40. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiff and calculation of such numbers would require facts in the sole control of Defendants, upon information and belief, there are more than 80 members of the Class during the relevant period.

41. The claims of Plaintiff are typical of the claims of the Class.

42. Plaintiff will fairly and adequately protect the interests of the Class.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where the individual Plaintiff lacks the financial resources to vigorously prosecute a lawsuit in court against Defendants. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual class members are not de minimus, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class action litigation and certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' practices.

44. Defendants have acted on grounds generally applicable to the Class, thereby making declaratory relief appropriate for the Class.

45. There are questions of law and fact common to the Class which predominate any questions solely affecting individual members of the class, including:

   a. Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class;

   b. Whether Defendants failure to pay the Class overtime wages at a rate of one and one-half times Plaintiff regular rate of pay was a policy and/or practice effectuated through the relevant class period;

   c. Whether Defendants failed to pay Plaintiff and the Class minimum wage in compliance with the NYLL;

   d. Whether Defendants failed to pay Plaintiff and the Class overtime in compliance with the NYLL;

   e. Whether Defendants failed to pay Plaintiff and the Class overtime in compliance with the FLSA;

   f. Whether Defendants failed to pay Plaintiff and the Class spread of hours pay in compliance with the NYLL;

   g. Whether Defendants failed to pay Plaintiff and the Class weekly;

   h. Whether Defendants failed to pay Plaintiff and the Class all earned wages;

   i. Whether Defendants failed to provide non-exempt employees with accurate wages statements as required under the NYLL;

   j. Whether Defendants failed to furnish the Class with wage notices and statements as required by the NYLL:

   k. The nature and extent of the class-wide injury and measure of damages for those injuries; and

   l. What proof of hours worked is sufficient where employers fail in their duty to maintain true and accurate time records.

## FLSA COLLECTIVE ACTION ALLEGATIONS

46. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and all other similarly situated persons who are Service Staff of Defendants since

the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective.")

47. The FLSA Collective consists of approximately 40 similarly situated current and former Service Staff who have been victims of Defendants' common policy and practices that have violated the FLSA Collective's rights under the FLSA by, *inter alia*, willfully denying them wages.

48. Defendants have engaged in Plaintiff unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

49. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## STATEMENT OF FACTS

**The Kashi Restaurant Empire**

50. Kashi Japanese owns and/or operates several authentic Japanese-themed restaurants throughout New York and Connecticut.

51. As set forth herein, the Kashi Japanese restaurants include at least four locations in New York.

52. Per *Forbes'*, restaurant review of the Connecticut location, "[Kashi is] Part of a small Long Island chain, this is the only one in Connecticut."

8

53. As set forth on Kashi's webpage (https://kashijapanese.com/), the four restaurants in New York are located at 222 Sunrise Hwy, Rockville Centre, NY 11570, 343 Jericho Tpke, Syosset, NY 11791, 12 Elm Street, Huntington, NY 11743 and 2736 Merrick, Bellmore, NY 11710, respectively.

**Ruiz's Employment with Defendants**

54. From on or about April 2021, until on or about December 2021, Ruiz worked for Defendants at 222 Sunrise Hwy, Rockville Centre, NY 11570.

55. Plaintiff worked as a busboy and barback.

56. Plaintiff's duties as a busboy included cleaning and resetting tables, assisting waitstaff, refilling supplies and collecting dishes from the table.

57. Plaintiff's duties as barback included assisting bartenders, organizing the bar area and restocking the bar.

58. Throughout Plaintiff's employment, Ruiz worked six days a week, from Thursday through Tuesday.

59. On Monday, Tuesday and Thursday, Ruiz usually worked from 11 a.m. to 10 p.m.

60. On Friday and Saturday, Ruiz usually worked from 11 a.m. to 11 p.m.

61. During busy weekends, Ruiz was required to stay until 12 a.m.

62. On Sunday, Ruiz usually worked from 12 p.m. to 10 p.m.

63. With respect to the hours worked, Plaintiff usually received a two-hour uninterrupted lunch break.

64. However, approximately once a month Defendants would cater an event and Plaintiff would have to work through his lunch break.

65. Plaintiff was not paid for working through his lunch break.

66. In addition, when Plaintiff had to work through his lunch break for these events, he worked ten hours or more.

67. Plaintiff, though, was not provided with spread of hours pay.

68. Throughout his employment with Defendants, Ruiz was regularly scheduled to work more than 40 hours each week.

69. Throughout his employment with Defendants, Ruiz was not compensated at the appropriate overtime rate of pay for the hours he worked in excess of 40 hours per week.

70. Ruiz was paid $12 per hour for all hours worked.

71. Throughout Ruiz's employment, Ruiz was paid in currency (cash).

72. Throughout Ruiz's employment, Defendants did not require Plaintiff and the Class to clock in and clock out.

73. At no point in time did Defendants discuss with Plaintiff what, if any, would be his overtime rate of pay.

74. Defendants never provided Ruiz with a written wage notice in English and his native language, Spanish, setting forth his regular hourly rate of pay and corresponding overtime rate of pay.

75. When Ruiz was paid by Defendants, Defendants did not provide Ruiz with a statement, or any other documentation of his hours worked during that pay period or his rate of pay.

76. During Ruiz's employment, Defendants failed to maintain accurate and sufficient time and pay records.

77. Ruiz was frequently not paid weekly by Defendants even though Defendants were required to do so under the law.

78. To the extent that Defendants applied a tip credit to Plaintiff's salary, such a tip credit was not permissible. This is because Plaintiff never received tips in the course of his employment with Defendants.

**Defendants' Violations of the Wage Theft Prevention Act**

79. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates.

80. The WTPA was enacted to protect an employee's concrete interest in being paid what he or she is owed under the NYLL.

81. Specifically, the WTPA's wage notice and wage statement provisions are intended to serve as safeguards of employees' broader interest in being paid the wages that Plaintiff and the Class earned.

82. Indeed, if an employer's failure to provide wage statements or wage notices were considered purely a technical violation, then no employee would ever have standing to sue under the WTPA. This in turn would render the statutory damages provisions would be rendered meaningless and unenforceable.

83. Throughout the relevant time period, Defendants paid Plaintiff and the class wages without any accompanying statement listing the correct overtime rate or rates of pay, the correct number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

84. Plaintiff and the Class were never given a correct notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage,

including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

### FIRST CAUSE OF ACTION
### Unpaid Overtime Wages in Violation of the Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

86. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

87. Defendants willfully failed to pay Plaintiff and the FLSA Collective the appropriate overtime premiums for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

88. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

89. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

90. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and is

entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages in Violation of New York Labor Law
### (On Behalf of Plaintiff and the Rule 23 Class )

91. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92. At all times relevant to this action, Plaintiff and the putative class were employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

93. Defendants failed to pay Plaintiff and the Class Members the overtime premium of one and one-half times the regular hourly rate of pay for all hours worked in excess of 40 hours per week, in violation of the NYLL.

94. Through their knowing or intentional failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per work week, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

95. Due to Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### Unpaid Minimum Wages in Violation of the Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

96. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

97. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 206 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

98. Defendants willfully failed to pay Plaintiff and the FLSA Collective the appropriate minimum wages for all hours, as required by the FLSA, 29 U.S.C. §§ 206 *et seq.*, and the supporting federal regulations.

99. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

100. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

101. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**FOURTH CAUSE OF ACTION**
**Unpaid Minimum Wages in Violation of New York Labor Law**
**(On Behalf of Plaintiff and the Rule 23 Class)**

102. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

103. At all times relevant to this action, Plaintiff and the putative class were employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

104. Defendants failed to pay Plaintiff and the Class Members minimum wage for hours worked in violation of the NYLL.

105. Through their knowing or intentional failure to pay Plaintiff and Class Members minimum wages for hours worked, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

106. Due to Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Spread of Hours Pay**
**(On Behalf of Plaintiff and the Rule Class)**

107. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

108. At all times relevant to this action, Plaintiff and the Class Members were employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

109. Throughout their employment, Plaintiff and the Class Members frequently worked ten hours or more in a workday.

110. Defendants willfully failed to compensate Plaintiff and the Class Members with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

111. As a result of Defendants' NY Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants unpaid spread of hours and liquidated (double)

15

damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the Rule 23 Class)

112. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

113. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the Class Members.

114. Defendants failed to pay Plaintiff and the Class Members on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the Class Members being underpaid.

115. Due to Defendants violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants the amount of the underpayments by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SEVENTH CAUSE OF ACTION
### New York Labor Law-Failure to Pay Wages under NYLL § 663
### (Brought on behalf of Plaintiff and the Rule 23 Class)

116. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

117. At all relevant times, Plaintiff and the Class were "employees" within the meaning of the New York Labor Law.

118. Similarly, at all relevant times, Defendants, including the individually named Defendants, were "employers" within the meaning of the New York Labor Law.

119. Defendants failed to pay Plaintiff and the Class for their earned wages for the periods of time and in the manner as set forth above.

120. Defendants' failure to pay Plaintiff and the Class their earned wages was willful and not based on any good faith belief of compliance with the New York Labor Law § 663, et seq.

121. As a result of the foregoing, Plaintiff and the Class have been denied wages required under New York Labor Law § 663 et seq., and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorney fees and costs.

**EIGHTH CAUSE OF ACTION**
**Failure to Provide Annual Wage Notices in Violation of New York Labor Law**
**(On Behalf of Plaintiff and the Rule 23 Class)**

122. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs.

123. Defendants have willfully failed to supply Plaintiff and the Class Members with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's and the Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular payday designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

124. Through their knowing or intentional failure to provide Plaintiff and the Class Members with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff

17

and the Class Members are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### NINTH CAUSE OF ACTION
### Failure to Provide Wage Statements in Violation of New York Labor Law
### (On Behalf of Plaintiffs and the Rule 23 Class)

125. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

126. Defendants have willfully failed to supply Plaintiff and the Class Members with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

127. Through their knowing or intentional failure to provide Plaintiff and the Class Members with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

128. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class Members are entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff and the Class Members with accurate

wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

(a) That, at the earliest possible time, Plaintiff be permitted to give notice of this class action, or that the court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this court's issuance of court-supervised notice, been employed by Defendants;

(b) Certification of this case a class action pursuant to FRCP 23;

(c) Designation of Ruiz as Class Representative;

(d) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b)

(e) Damages for the unpaid wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(f) Damages for the unpaid wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

19

(g) Liquidated damages for failure to timely make payment pursuant to the NYLL;

(h) Damages for failure to make all required payments pursuant to the NYLL;

(i) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, § 198;

(j) Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(k) Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(l) For pre-judgment and post-judgment interest on the foregoing amounts;

(m) For the costs and disbursements of the action, including attorney's fees; and,

(n) For such other further and different relief as the Court deems just and proper.

Dated: December 26, 2023
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By: */s/ Jacob Aronauer*
Jacob Aronauer,
250 Broadway, Suite 600
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*